ALBERT D. WHITE *vs.* GILMAN L. BLAKE and others.

Oxford.   Opinion February 14, 1887.

*Sheriff.  Bond of deputy.  Liability of deputy to sheriff.  Bankruptcy of deputy.*

Although a judgment recovered against a sheriff for the default of his deputy
has been settled by the deputy, still, if the sheriff is afterwards sued on the
judgment, it is the duty of the deputy to indemnify him against the expenses
incurred in defending the suit, and his refusal to do so will be a breach of
his official bond, for which an action will lie against him and his sureties;
and the discharge of the deputy in bankruptcy will be no defense to an
action for a breach of the bond which has occurred subsequent to the
discharge.

ON report.

*Scire facias* by a sheriff.
The material facts are stated in the opinion.

*George D. Bisbee and Oscar H. Hersey,* for the plaintiff,
cited : 74 Maine, 494 ; 37 Maine, 302.

*R. A. Frye and A. E. Herrick,* for defendants.

Mr. Blake's discharge in bankruptcy operated as a discharge
of the plaintiff's claim, if any he ever had.   *Grover* v. *Clinton,*
8 B. R. 312 ; *Manf. Co.* v. *Barnes,* 49 N. H. 312 ; Bump on
Bankruptcy, 7 Ed. 639.

When the plaintiff, as defendant, in action *Davis* v. *White,*
on the judgment sued, pleaded payment and satisfaction of said
judgment by Blake, and the court so found and gave judgment
for the plaintiff, then defendant, in said action, the plaintiff is
estopped to deny that Blake did not pay the judgment as it was
agreed between the plaintiff and Blake.   *Foss* v. *Stewart,* 14
Maine, 312 ; Big. on Estoppel, 512.

Sureties are by rules of law regarded with favor, which has
been formulated into the maxim that the liability of sureties is
*strictissimi juris.*

They are bound so far only, as they distinctly, by contract,
bind themselves ; their liability is not to be extended by con-
struction.   Hence, when the plaintiff entered into the arrange-

ment with Blake that Blake should settle the execution, *Davis* v. *White*, then White released and waived his claim upon the sureties, because the sureties were not parties to the new contract, between Blake and White, the plaintiff. *U. S.* v. *Corwine*, 4 Myers, Fed. Dec. § § 736-7 ; *U. S.* v. *De Visser,*. 10 Fed. Reptr. 642 ; *Brown* v. *Mosely*, 19 Miss. 354 ; *Schloss*: v. *White*, 16 Cal. 65 ; *Andrews* v. *Marrett*, 58 Maine, 539.

The neglect of Blake to see that the satisfaction of said: judgment was endorsed upon the execution, was not among the . official duties which the sureties agree to indemnify the plaintiff against, to wit, the doings, wrong doings or neglect of Blake, in the execution of the office of deputy sheriff. And the plaintiff has no claim in *sci. fac.* upon Blake or his sureties, for any costs, damage or expense, arising from his defence of the action on the judgment, *Davis* v. *White*. *Kendrick* v. *Smith*, 31 Maine, 162 ; *Smith* v. *Berry*, 37 Maine, 303 ; *Junkins* v. *Lemonds*, 29 Ind. 294 ; *McDonald* v. *Atkins*, 13 Neb. 568 ;. *Wilson* v. *State*, 13 Ind. 341 ; *U. S.* v. *Boecker*, 21 Wall. 652 ;. *Tobey* v. *Leonard*, 13 Mass. 200.

The agreement of Blake with the plaintiff to settle the execution *Davis* v. *White*, can not be considered an official duty or act within the scope of the conditions of his official bond, for which the sureties are liable. *Governor* v. *Perrine*, 23 Ala.. 808 ; *Dean* v. *Governor*, 13 Ala. 536 ; Murfree on Bonds,, § 723 ; *Gwinn* v. *Buchanan*, 4 How. 1.

To illustrate further our position, we cite, *U. S.* v. *Adams*;. L. R. Vol. 19, No. 5, p. 882.

The sureties of a sheriff are not liable upon his official bond,. for a deposit of money, made in lieu of bail. *State* v. *Long,*. 8 Ind. 415.

The defendants having plead performance, and no official neglect being proved by the plaintiff on whom is the burden, judgment must be for defendants. *Machiasport* v. *Small*, 77 Maine, 109.

WALTON, J. This is an action on a deputy sheriff's bond. The plaintiff (White) was formerly sheriff of Oxford county,

and one of the defendants (Blake) was his deputy. Blake attached some personal property on a writ, but neglected to keep it, and the attachment was lost. For this neglect the creditor sued the sheriff. Blake assumed the defense of the action and informed the sheriff that he had arranged with the attorney of the creditor for a settlement of the judgment. He said that the attorney had agreed to offset the judgment against an equal amount due from the attorney to him for services. But the execution was not discharged, and sixteen years afterwards the sheriff was sued on the judgment. The deputy was notified to defend the action, but declined to do so. Thereupon the sheriff undertook the defense of it, and with the aid of Blake's testimony and in view of the long delay which had been allowed to elapse without an effort to enforce the judgment, succeeded in satisfying the court that the judgment had been settled in the manner stated. The defense, therefore, was successful. But in making it, the sheriff spent considerable time and incurred considerable expense, and he claims that it was the duty of the deputy to indemnify him, and that his refusal to do so was a breach of his bond.

We think the sheriff is right. A deputy sheriff's bond is very sweeping in its terms. It secures to the sheriff a full and complete indemnity against all suits whatsoever having their origin in the defaults of his deputy. It is immaterial whether it is a first suit or a second suit, a suit founded directly on the default itself or a suit on a judgment recovered for such a default. If its origin is a default of the deputy, as deputy, the sheriff's right to indemnity is full and complete. Nor is it necessary that the suit against the sheriff should be successful. His right to indemnity does not depend upon the success of the suit. There may be numerous instances, says the court in *Smith* v. *Berry*, 37 Maine, 298, where the sheriff may be called upon in a suit for an alleged default of his deputy, and such action may fail as having no valid foundation in law or fact, and yet he may have a perfect claim upon the deputy and his sureties for his expenses in the defense of the action.

In defense of the deputy (Blake) a plea of bankruptcy is

interposed.   To this it is replied that this cause of action accrued subsequent to the bankruptcy.   We think the plaintiff is right on this branch of the case.   His right to indemnity did not accrue till he had been sued and the suit had terminated.   Till then the amount required to indemnify and save him harmless could not be known, and the deputy could not be in fault for not paying it.   But when the suit against the sheriff had terminated, and the expenses incurred by him in defending it had been ascertained, and the deputy had been notified of this amount, and the required indemnity was refused by him, then, and not till then, was there a breach of his official bond, and then, and not till then, did this present cause of action accrue; and that was long after the bankruptcy of Blake, and after he had obtained his certificate of discharge; and of course his prior bankruptcy is no defense to this subsequent cause of action.

Judgment having already been entered for the penal sum named in the bond for a prior breach of its condition, nothing remains to be done in this suit but to order an execution to issue for the amount of the plaintiff's damages and costs.   See *White* v. *Blake*, 74 Maine, 489.

> *Execution to issue in favor of the plaintiff for damages assessed at $142.38 and interest thereon from date of writ, and the costs of this suit.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.